IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benedict J. Doe,                          :
                    Petitioner            :
                                          :
        v.                                :  No. 477 C.D. 2022
                                          :
City of Philadelphia (Workers'            :
Compensation Appeal Board),               :
                    Respondent            :  Submitted:  September 9, 2022

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED:  November 17, 2022


        Benedict J. Doe (Claimant) petitions this Court for review of the April 20,
2022 order of the Workers' Compensation Appeal Board (Board) affirming the
decision of a workers' compensation judge (WCJ), which granted the City of
Philadelphia's (Employer) petition to modify Claimant's temporary total disability
(TTD) benefits based on the results of an impairment rating evaluation (IRE).  The
IRE was performed in accordance with the Workers' Compensation Act's (Act)
Section 306(a.3),[1] a provision which Claimant argues cannot be properly applied to

_____

[1] Act of June 2, 1915, P.L. 736, *as amended*, added by Act of October 24, 2018, P.L. 714
No. 111 (Act 111), 77 P.S. § 511.3. Section 306(a.3)(1) of the Act requires that an employee who
has received total disability compensation for 104 weeks submit to an IRE pursuant to the
American Medical Association's "Guides to the Evaluation of Permanent Impairment," 6th edition
(second printing April 2009) (AMA Guides), for the purpose of determining his degree of whole-
body impairment (WBI) due to the compensable injury.  77 P.S. § 511.3(1).  If the IRE results in
a WBI that is less than 35%, the employee shall receive partial disability benefits under Section
306(b) of the Act.  77 P.S. § 511.3(2).  Section 306(b)(1) of the Act limits a claimant's receipt of
partial disability benefits to 500 weeks.  77 P.S. § 512(1).

injuries that occurred before its effective date of October 24, 2018. Claimant also argues that Act 111, which repealed former Section 306(a.2)[2] of the Act and replaced it with Section 306(a.3), is an unconstitutional delegation of legislative authority. After review, we affirm.

## I. Background

The factual and procedural history of this matter is not in dispute. Claimant sustained injuries to his hands and face resulting from an electric shock on October 25, 2013, which occurred in the course of his employment. Certified Record (C.R.), Item No. 4, WCJ Decision, Finding of Fact (F.F.) No. 1. Employer recognized the injuries via a Notice of Compensation Payable and began paying TTD benefits. *Id.*

On February 19, 2021, Employer submitted a petition to modify Claimant's benefits from TTD to partial, based on a January 19, 2021 IRE. C.R., Item No. 2. That examination, conducted in accordance with the 6th edition of the AMA Guides, assigned Claimant a WBI rating of 19%. C.R., Item No. 4, F.F. No. 3(h). In an October 29, 2021 decision, a WCJ granted the modification petition and changed Claimant's benefits to partial status as of January 19, 2021, the date of the IRE. *Id.*, Conclusion of Law No. 2. The WCJ declined to address the issue of Act 111's constitutionality, but noted that it was preserved for appeal. *Id.*, F.F. No. 8.

Claimant appealed to the Board, which affirmed the WCJ. C.R., Item No. 8, Board Opinion at 5. Regarding Claimant's constitutional arguments, the Board noted that Act 111's constitutionality has been upheld by this Court in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth. 2021), *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pennsylvania AFL-*

---

[2] Added by the Act of June 24, 1996, P.L. 350, repealed by Act 111.

*CIO v. Commonwealth*, 219 A.3d 306 (Pa. Cmwlth. 2019), *aff'd*, (Pa., No. 88 MAP 2019, filed August 18, 2020). *Id.* at 3-4. This appeal followed.[3]

## II. Issues

Claimant argues that Act 111 cannot be retroactively applied to injuries, such as his, that occurred before October 24, 2018, the date when Act 111 became effective. He also argues that Act 111 is an unconstitutional delegation of the General Assembly's legislative authority.

## III. Discussion

In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827, 830 (Pa. 2017), our Supreme Court struck down former Section 306(a.2) of the Act as an unconstitutional delegation of legislative authority, as it simply provided that an IRE would be conducted pursuant to "the most recent edition" of the AMA Guides. The General Assembly subsequently enacted Act 111, which, in relevant part, repealed the unconstitutional provision and replaced it with Section 306(a.3), 77 P.S. § 511.3. Rather than referring vaguely to a "most recent edition," Section 306(a.3) specifies that an IRE should be conducted in accordance with the 6th edition (second printing) of the AMA Guides. 77 P.S. §511.3(2).

Claimant argues that Act 111 contains no retroactivity provision, and that it therefore cannot be retroactively applied to claims originating before it became effective on October 24, 2018. Since Claimant's injury occurred on October 25, 2013, he maintains that his benefits could not have been properly modified due to the January 19, 2021 IRE.

---

[3] Our standard of review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Lehigh Specialty Melting, Inc. v. Workers' Comp. Appeal Bd. (Bosco)*, 260 A.3d 1053, 1058 n.3 (Pa. Cmwlth. 2021).

As the Board noted, this Court has already considered and rejected that argument in *Pierson*, 252 A.3d at 1180. In that case, the claimant sustained a workplace injury on August 13, 2014. *Id.* at 1171. On December 21, 2018, his employer filed a petition to modify the claimant's TTD benefits based on an IRE that had been performed two days previously. *Id.* at 1172. The claimant argued that Act 111 could not "be constitutionally applied in a retroactive manner," but only to "claims that . . . originated on or after the date of the passage of the present IRE mechanism, October 24, 2018." *Id*. at 1174. We disagreed, explaining that "the 104-week and credit provisions of Act 111 were explicitly given retroactive effect by the clear language used by the General Assembly."[4] *Id*. at 1180.

Claimant does not explain why the facts in the instant matter are distinguishable from those in *Pierson*; instead, he merely repeats the assertions made by the claimant in that previous case. In the absence of any basis for distinguishing the instant matter from *Pierson*, we reject Claimant's argument as lacking in merit.

We turn now to Claimant's argument that Act 111 was an unconstitutional delegation of the General Assembly's legislative authority. In support, Claimant relies on the Supreme Court's observation in *Protz* that "the General Assembly may delegate regulatory power to responsible governmental agencies, but not to private persons." 161 A.3d at 837 (citing *Olin Matheson Chem. Corp. v. White Cross Stores, Inc.*, 199 A.2d 266, 267-68 (Pa. 1964)). Claimant maintains that Act 111 "uncritically adopts the 6th edition[, second printing,] of the AMA Guides while

---

[4] Section 3(2) of Act 111 states that, for the purposes of determining the total number of weeks of partial disability compensation payable under Section 306(a.3)(7) of the Act, an insurer shall be given credit for weeks of partial disability compensation paid prior to the Act's effective date. *Pierson*, 252 A.3d at 1174 (citing 77 P.S. § 511.3, Historical and Statutory Notes).

4

leaving its authors politically unaccountable," thereby replicating former Section 306(a.2)'s constitutional infirmity. Claimant's Brief at 8.

This argument, too, has already been considered and rejected by this Court in *AFL-CIO*, 219 A.3d at 306. In that case, the petitioner labor union argued that Section 306(a.3), no less than its repealed predecessor, unconstitutionally delegated legislative authority to the AMA, a private entity. *Id.* at 315. We disagreed, holding that there was no delegation to the AMA in Section 306(a.3). *Id.* We explained that what rendered former Section 306(a.2) unconstitutional was its adoption, "**sight unseen** of **future** standards or editions, without guidance by the General Assembly as to the basic policy decisions and standards to restrain the discretion of the entity setting those standards that is problematic." *Id.* (emphasis in original). In enacting Section 306(a.3), by contrast, the General Assembly adopted "as its own a particular set of standards which **already [were] in existence** at the time of its adoption." *Id.* at 316.

Claimant, once again, does not explain why the facts in the instant matter are distinguishable from those set forth in *AFL-CIO*, or why our decision in that matter was erroneous. For the foregoing reasons, we affirm the Board.

                _____

                ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benedict J. Doe, : 
            Petitioner : 
             : 
      v. : No. 477 C.D. 2022
             : 
City of Philadelphia (Workers' : 
Compensation Appeal Board), : 
            Respondent : 

# O R D E R

AND NOW, this 17th day of November, 2022, the order of the Workers' Compensation Appeal Board, dated April 20, 2022, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge